IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL STEPHON PARKER, ) | Civil Action No. 7:11-cv-00548 | |
|     Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| DR. QUINONES, <u>et al.</u>, ) | By: | Hon. Michael F. Urbanski |
|     Defendants. ) | | United States District Judge |

Michael Stephon Parker, a Virginia inmate proceeding <u>pro se</u>, filed a civil rights action pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants: Dr. Quinones, the medical doctor at the Middle River Regional Jail ("Jail"); Cathy Riley, a nurse at the Jail; and Laurie Nicholson, a Major at the Jail. Plaintiff alleges that defendants caused cruel and unusual punishment in violation of the Eighth Amendment by providing inadequate medical care. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted.

**I.**

Plaintiff arrived at the Jail on July 12, 2011, and staff noted that he suffered from hypertension. On September 8, 2011, defendant Nurse Riley measured plaintiff's blood pressure as 200/120. Per Dr. Quinones' orders, Nurse Riley gave plaintiff .1 mg of Clonidine every hour for three hours to lower the blood pressure.

Dr. Quinones, a cardiologist, evaluated plaintiff's hypertension on October 6, 2011, after cancelling plaintiff's appointment with another cardiologist as unnecessary. Plaintiff objected, saying that the Jail would not have to pay for the referral. Dr. Quinones refused to refer plaintiff and instead ordered plaintiff daily doses of 25 mg of Captopril and 20 mg of Vasotec, but these

medicines did "not work[]." Dr. Quinones added 25 mg of Chlorthalidone once daily and changed the prior dosages to 50 mg of Captopril thrice daily and 20 mg of Vasotec twice daily, but these medications still did "not work[]."

Plaintiff told Nurse Riley about his chronic headaches and chest pains and asked Nurse Riley to allow plaintiff to see a hypertension specialist. Nurse Riley did not order a referral, and consequently, plaintiff concludes that Nurse Riley was deliberately indifferent to his serious medical need. Plaintiff similarly accuses Dr. Quinones of being deliberately indifferent because Dr. Quinones did not order the referral and the medications were not controlling plaintiff's hypertension. Plaintiff concludes that Major Nicholson was deliberately indifferent for being the Chief Administrator of the Jail's medical department, not intervening despite reading plaintiff's high blood-pressure measurements for four months, and denying several grievances.[1] Plaintiff left the Jail in December 2011.

## II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing

---

[1] Nicholson consistently responded that Dr. Quinones is the only person at the Jail who can make medical decisions, like referring plaintiff to another physician, for plaintiff.

that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[2] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). A plaintiff must show that a defendant acted with deliberate indifference to a serious medical need to state a claim under the Eighth Amendment for the unconstitutional denial of medical assistance.[3] Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference requires a state actor to have been personally aware of facts indicating a substantial risk of serious harm, and the actor must have actually recognized the existence of such a risk. Farmer v. Brennan, 511 U.S. 825, 838 (1994). A health care provider may be deliberately indifferent when the treatment provided is so grossly incompetent, inadequate, or excessive as to shock the conscience or is intolerable to fundamental fairness. Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

---

[2] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

[3] The court assumes for purposes of screening the Complaint that plaintiff's hypertension constitutes a "serious medical need."

Plaintiff fails to state an Eighth Amendment claim against Dr. Quinones or Nurse Riley. Plaintiff's allegations establish that Dr. Quinones and Nurse Riley routinely treated plaintiff for hypertension with multiple evaluations and prescriptions. A prisoner's disagreement with medical personnel over the course of treatment does not state a § 1983 claim. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam). Plaintiff's dissatisfaction with the course of treatment, whether a result of medical malpractice or negligent diagnosis, is not sufficient to state an Eighth Amendment claim against Dr. Quinones and Nurse Riley. See, e.g., Estelle, 429 U.S. at 105-06; Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998) (noting that treating doctors must actually draw the inference that an inmate's symptoms signify the presence of a particular condition and that a failure to draw such an inference may present a claim for negligence but not a claim under the Eighth Amendment). None of Dr. Quinones' and Nurse Riley's treatments shock the conscience.

Plaintiff also fails to state a claim against Major Nicholson. Plaintiff does not describe how Major Nicholson was personally involved with a denial of treatment, deliberately interfered with treatment, or tacitly authorized or were deliberately indifferent to Dr. Quinones' or Nurse Riley's misconduct where even a lay person would understand that they were deliberately indifferent. See, e.g., Miltier, 896 F.2d at 854. Major Nicholson was entitled to rely on the judgments of Dr. Quinones and Nurse Riley, trained medical professionals. Id.

### III.

For the foregoing reasons, plaintiff fails to describe deliberate indifference by defendants, and the court dismisses the Complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

4

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered: October 2, 2012

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

5